THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* REINALDO MERCADO, Defendant and Appellant.

No. 13342.   Argued November 1, 1948.—Decided November 8, 1948.

*Mario Báez García* for appellant. *Luis Negrón Fernández, Attorney General,* and *J. Rivera Barreras, Prosecuting Attorney,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Reinaldo Mercado was convicted by the District Court of Mayagüez on a charge of abandonment of children, and from the judgment rendered accordingly he has appealed to this Court. In his brief he contends that said court erred (1) in denying his motion requesting that Dimas León Valle and Inocencia Rivera be summoned as witnesses; (2) in giving full credit to the testimony of the complainant, without permitting the defendant to challenge her testimony with the very witnesses mentioned by her thus committing manifest error of fact and of law and acting with passion, prejudice,

and partiality; and (3) in finding the defendant guilty of the crime charged, thus acting under the influence of passion, prejudice, and partiality.

At the close of the testimony of the complainant, Felícita Gómez, who was the only witness introduced by The People, counsel for the defendant made the following statement:

"Your Honor, as in the evidence for the prosecution there have been mentioned the names of two persons whom we would like to hear, I am going to make the following proposal to the district attorney: That the evidence for the defendant—the evidence which he had prepared for the trial—be heard, and that the trial be then postponed to next Monday, in order that the clerk or the marshal may summon the witnesses Dimas León Valle and Inocencia Rivera, the midwife who assisted the complainant. Of course, we are not seeking to delay the proceedings. We consider that the interests of The People will not be impaired in any way whatsoever."

After the question was argued, the court denied the motion, and its order to that effect has given rise to the first assignment of error.

According to the testimony of Felícita Gómez, the latter had sexual relations with the defendant from 1941 to September, 1946, and as a result of such relations she became pregnant. During that time she lived in a house belonging to her uncle Dimas León Valle, where the defendant, who she knew was a married man, visited her two or three times weekly. Shortly after she became pregnant, Mercado sent her to New York by airplane and promised to meet her in that city; but upon his failure to fulfill such a promise, she returned to Puerto Rico a little over two months afterwards. When she returned on December 10, 1946, the defendant took her to see a nurse and several doctors in order to procure a premature expulsion of the fetus, but she always refused. When the plaintiff was about to give birth, the defendant sent her a midwife named Inocencia Rivera in order to take care of her, and after the child was born and during several

weeks Mercado sent her money for the support of said child, but he ceased aiding her since the month of July.

■■■ The granting of a continuance always rests in the sound discretion of the lower court and we will not disturb such a discretion unless an abuse thereof is shown. *People* v. *Arce*, 67 P.R.R. 233; *People* v. *Escobar*, 55 P.R.R. 491; *Amy* v. *District Court*, 59 P.R.R. 658; *People* v. *Montañez*, 54 P.R.R. 810; and *People* v. *Dumas*, 51 P.R.R. 819. On the other hand, in the instant case, Mercado himself testified that he knew that Felícita Gómez lived in a house owned by her uncle Dimas León Valle, although he denied that it was there that they had sexual relations, and on the contrary alleged that they always went out at night in an automobile or visited the house of one Candallo. Notwithstanding such knowledge on his part, he failed to summon León Valle or Candallo as his witnesses, and upon requesting a continuance he did not at all suggest what would be the testimony of León Valle or that of Inocencia Rivera in order that the lower court might pass upon its relevancy. The first error assigned is nonexistent.

■■ In cases of this kind the sole testimony of the mother of the child for whose abandonment the prosecution is brought, if believed by the court, is sufficient to support a judgment of conviction. Her testimony does not need to be corroborated. *People* v. *López*, 67 P.R.R. 732, 735; *People* v. *Ortiz*, 67 P.R.R. 847; *People* v. *Cáceres*, 65 P.R.R. 344; *People* v. *Bernabe*, 63 P.R.R. 385; *People* v. *Irizarry*, 59 P.R.R. 936; and *People* v. *De Jesús*, 57 P.R.R. 694.

■■■ In the case at bar, the complainant insistently maintained that her relations with the defendant had ended on September 28, 1946, and that the minor was born on June 5, 1947. The defendant admitted having had sexual contact with Felícita Gómez from 1941 to 1945, but he denied having had such contact during the year 1946. The court gave no credit to the testimony of Mercado on this particular, and on the contrary believed the complainant. We have held on

innumerable occasions that once the existence of sexual relations between the defendant and the mother of the abandoned child during the period of gestation has been shown, the judgment of conviction rendered by the lower court may be upheld. If the relations between Mercado and Felícita ceased when the latter went to New York at the end of September 1946, and the child was born on June 5, 1947, it is unquestionable that the defendant and the plaintiff had such relations within the period of gestation of the minor. Cf. *People* v. *Santiago*, 67 P.R.R. 762 and *People* v. *Cáceres*, *supra*. The fact that the defendant was married and that the mother of the minor was aware of such fact, does not relieve him of his obligation to support the child. *People* v. *Rodríguez*, 67 P.R.R. 688, 692. Proof of the paternity of the child suffices to give rise to the obligation to support the latter. *People* v. *Rodríguez*, *supra; Falcón* v. *Cruz*, 67 P.R.R. 496.

█ It is incumbent on the lower court, in the first instance, to weigh the evidence, and a careful examination of the evidence herein has failed to convince us that in weighing it the court acted under the influence of passion, prejudice, or partiality. *People* v. *Rodríguez*, *supra; People* v. *Méndez*, 67 P.R.R. 772; and *People* v. *Bernabe*, 63 P.R.R. 385.

Since none of the errors assigned has been committed, the judgment appealed from should be affirmed.